The STATE of Ohio, Appellee,

v.

O'NEILL, Appellant.

[Cite as *State v. O'Neill* (1992), 81 Ohio App.3d 305.]

Court of Appeals of Ohio,
Summit County.

No. 15269.

Decided March 11, 1992.

*Lynn Slaby,* Prosecuting Attorney, and *William D. Wellemeyer,* Assistant Prosecuting Attorney, for appellee.

*Thomas J. LoCascio,* for appellant.

CACIOPPO, Judge.

On April 7, 1991, defendant-appellant, Gilbert F. O'Neill II, was involved in a high-speed chase with another car. The chase ended when the two cars collided. Both drivers were arrested by the Akron Police Department. O'Neill was indicted on one count of aggravated vehicular assault, in violation of R.C. 2903.08.

The state presented the testimony of seven witnesses. Of the seven witnesses, four were witnesses to the chase or crash. At the close of the state's case, O'Neill moved for acquittal pursuant to Crim.R. 29. The court denied this motion. The jury found O'Neill guilty as charged. O'Neill appeals, raising one assignment of error.

### Assignment of Error

"The trial court erred to the prejudice of the defendant-appellant in denying his motion for acquittal made at the close of the State's case since the State had failed to present sufficient evidence as to the element of serious physical harm."

O'Neill asserts that the trial court erred by denying his Crim.R. 29 motion because the state failed to present sufficient evidence on a material element of the crime charged. We agree and reverse.

O'Neill was charged with violating R.C. 2903.08, which states, in pertinent part:

"(A) No person, while operating or participating in the operation of a motor vehicle * * * shall recklessly cause serious physical harm of the type described in division (E)(2) or (5) of section 2901.01 of the Revised Code to another person."

The state limited its argument to presenting evidence of serious physical harm as described in R.C. 2901.01(E)(2), which states:

"(E) 'Serious physical harm to persons' means any of the following:
" * * *

"(2) Any physical harm which carries a substantial risk of death[.]" ·

The state failed to introduce sufficient evidence on the essential element of causing "serious physical harm," as defined in R.C. 2901.01(E)(2). The evidence presented at trial failed to demonstrate any physical harm which carries a substantial risk of death. The following colloquy is illustrative of the testimony on this element:

"Q. [BY MS. BANDY:] And did anybody have any injuries, Mr. Matusicky?

"A. Yes, My daughter had a cut on her forehead above her eye.

"Q. How old is your daughter?

"A. Excuse me?

"Q. How old is your daughter?

"A. She's five.

"Q. Okay. And how old is your son that was in the car?

"A. My son is seven.

"Q. Did he have any injuries?

"A. No, he did not.

"Q. What about your wife?

"A. No, she did not.

"Q. What about yourself?

"A. Yes, I had stitches. I thought actually I broke my nose because I just felt blood coming out my nose. It was two cuts along my cheek and bottom of my nose."

This evidence is insufficient to prove the essential element of causing serious physical harm.

The state failed to prove an essential element of the crime charged. Therefore, the trial court abused its discretion by denying O'Neill's motion for acquittal at the close of the state's case. The assignment of error is well taken.

The judgment of the trial court is reversed.

*Judgment reversed.*

QUILLIN, P.J., and COOK, J., concur.